J. S73005/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :     IN THE SUPERIOR COURT OF
                                                     :            PENNSYLVANIA
                       v.                      :
                                               :
LARRY EUGENE SMITH,                 :            No. 1802 WDA 2015
                                                     :
                     Appellant       :

Appeal from the Judgment of Sentence, October 27, 2015,
in the Court of Common Pleas of Blair County
Criminal Division at Nos. CP-07-CR-0001414-2014,
CP-07-CR-0001415-2014, CP-07-CR-0001420-2014,
CP-07-CR-0001422-2014, CP-07-CR-0001426-2014,
CP-07-CR-0001427-2014

BEFORE: FORD ELLIOTT, P.J.E., LAZARUS AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED DECEMBER 09, 2016**

Larry Eugene Smith appeals from the October 27, 2015 aggregate judgment of sentence of 9½ to 19 years' imprisonment imposed after a jury found him guilty of seven counts each of possession of a controlled substance and possession with intent to deliver a controlled substance ("PWID"), six counts each of possession of drug paraphernalia and criminal conspiracy, and one count of receiving stolen property.[1] After careful review, we affirm the judgment of sentence.

---

[1] 35 P.S. §§ 780-113(a)(16), (a)(30), and (a)(32); and 18 Pa.C.S.A. §§ 903 and 3925, respectively.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows. On August 4, 2014, appellant was charged with multiple counts of PWID and related offenses.[2] These charges stemmed from the Pennsylvania State Police's seventh-month long investigation into appellant's suspected drug activity, and their subsequent use of a confidential informant, Joseph Vinglass ("CI"), to conduct several controlled buys of narcotics from appellant. Specifically, on November 25, 2013, Pennsylvania State Trooper Charles Schaefer ("Trooper Schaefer") utilized the CI to call appellant's telephone number and engage in a controlled purchase of $1,100 of marijuana from an individual who was later identified as appellant's co-defendant, Gary Williams. (*See* Criminal Complaint -- Affidavit of Probable Cause, No. CP-07-CR-0001426-2014, 5/8/14.) On December 30, 2013, April 3, 2014, and May 1, 2014, Trooper Schaefer again utilized the CI to engage in three separate controlled purchases of marijuana from appellant and Williams at the CI's residence. (*See* Criminal Complaints -- Affidavits of Probable Cause, Nos. CP-07-CR-

---

[2] The Commonwealth charged appellant with a total of 27 counts. At No. CP-07-CR-0001415-2014, appellant was charged with criminal conspiracy, receiving stolen property, unlawful possession of a firearm, and two counts each of possession of a controlled substance and PWID. At Nos. CP-07-CR-0001414-2014, CP-07-CR-0001420-2014, CP-07-CR-0001422-2014, CP-07-CR-0001426-2014 and CP-07-CR-0001427-2014, appellant was charged with five separate counts each of criminal conspiracy, possession of a controlled substance, PWID, and possession of drug paraphernalia.

J. S73005/16

0001422-2014; CP-07-CR-0001420-2014; and CP-07-CR-0001427-2014, 5/8/14.) Thereafter,

On May 8, 2014, surveillance followed [appellant] and [Williams] from 1818 15th Avenue to [CI's] residence. [Appellant] entered [CI's] residence and provided [CI] with marijuana in exchange for $550. Surveillance lost sight of [appellant] and [Williams] after they left [CI's] residence; however, surveillance reacquired them and observed them enter 1818 15th Avenue and then depart. 1818 15th Avenue is the listed address for [Williams]. After [appellant] and [Williams] departed 1818 15th Avenue, they were stopped and taken into custody for the preceding controlled purchase. [Appellant] had $500 of the $550 in prerecorded funds from the May 8, 2014 controlled purchase on his person. Trooper Schaefer then obtained and executed a search warrant for [the second-floor apartment at] 1818 15th Avenue, whereupon he located marijuana packed in the same manner as the marijuana obtained during all of the buys, codeine laced cough syrup, cocaine, heroin, unused baggies for packaging, a digital scale, "a fake can" for hiding items, $1990 in U.S. Currency, and a Sig Sauer 9mm pistol. [Appellant] ha[d] his own key to the apartment in question. Mail addressed to [appellant], as well as separate mail addressed to [Williams], was found within the apartment. All of the controlled substances, distribution paraphernalia, including a digital scale and sandwich bags, and the firearm were found within "common areas" of the apartment.

Trial court opinion and order, 4/3/15 at 6-7 (citations to notes of testimony omitted); *see also* Criminal Complaint -- Affidavit of Probable Cause, No. CP-07-CR-0001415-2014, 5/13/14.

On August 25, 2014, appellant filed an omnibus pre-trial motion that sought, *inter alia*, to suppress the evidence obtained by the police during

- 3 -

the course of their investigation. (**See** "Omnibus Pre-Trial Motion," 8/25/14 at ¶¶ 19-22.) On December 24, 2014, appellant filed an amended omnibus pre-trial motion to, **inter alia**, suppress the evidence seized from the April 3, 2014 traffic stop and the May 8, 2014 search of 1818 15th Avenue, 2nd Floor. (**See** "Amended Omnibus Pre-Trial Motion," 12/24/14 at ¶¶ 20-23, 28-40.) Following a hearing on January 23, 2015, the trial court filed a comprehensive opinion and order denying appellant's motions on April 3, 2015. On April 20, 2015, appellant filed a motion to reconsider his amended omnibus pretrial motion, which was denied by the trial court on May 12, 2015.

The firearms charge was ultimately severed and appellant proceeded to a jury trial on August 12, 2015.[3] Following a three-day trial, appellant was found guilty of seven counts each of possession of a controlled substance and PWID, six counts each of possession of drug paraphernalia and criminal conspiracy, and one count of receiving stolen property. Appellant filed post-trial motions, which were denied by the trial court on August 19, 2015. On October 27, 2015, the trial court sentenced appellant to an aggregate term of 9½ to 19 years' imprisonment. On November 13, 2015, appellant filed a timely notice of appeal. On November 16, 2015, the trial court ordered appellant to file a concise statement of errors complained

---

[3] The record reflects that appellant's motion to sever his case from that of Williams was denied as moot after Williams entered a plea of guilty to the charges. (**See** notes of testimony, 1/23/15 at 6-8.)

of on appeal in accordance with Pa.R.A.P. 1925(b). On December 7, 2015, appellant filed his timely Rule 1925(b) statement. Thereafter, on December 8, 2015, appellant filed an amended Rule 1925(b) statement. The trial court filed its Rule 1925(a) opinion on January 27, 2016.

Appellant raises the following issues for our review:

1. Whether the Trial Court erred by denying [a]ppellant's Amended Omnibus Pretrial Motion as to the Motion to Suppress Evidence based on the improper search warrant because the search warrant did not include information about how the Confidential Informant was competent, how reliable he was, and prior crimes of falsehood, the Commonwealth failed to call witnesses at the Omnibus Pretrial Motion hearing as to this issue, and the search warrant failed to properly describe with the required sufficiency the description of the house to be searched[?]

2. Whether the Trial Court erred by denying the [a]ppellant's Reconsideration of the Amended Omnibus Pretrial Motions because the denial was based solely on statements from the Confidential Informant which had not yet been written[?]

Appellant's brief at 4.

Our standard of review when addressing a challenge to a trial court's denial of a suppression motion is well settled.

[An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression

> court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous.

*Commonwealth v. Jones*, 121 A.3d 524, 526 (Pa.Super. 2015), *appeal denied*, 135 A.3d 584 (Pa. 2016) (citation omitted; brackets in original).

Preliminarily, we note that the search warrant at issue pertains only to the charges filed at No. CP-07-CR-0001415-2014. Accordingly, appellant has waived any of his ancillary claims concerning the charges filed at Nos. CP-07-CR-0001414-2014, CP-07-CR-0001420-2014, CP-07-CR-0001422-2014, CP-07-CR-0001426-2014, and CP-07-CR-0001427-2014. *See* Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]"); Pa.R.A.P. 2117(c) (requiring citation to place in record where issue has been preserved).

The crux of appellant's first claim concerns the validity of the affidavit of probable cause upon which the search warrant issued for the second floor apartment at 1818 15th Avenue was based. Appellant first argues that the affidavit of probable cause did not set forth sufficient information within its four corners to provide the magistrate with a substantial basis for concluding that probable cause existed to issue said warrant. (Appellant's brief at 13-15.)

Article I, Section 8 of the Pennsylvania Constitution and the Fourth Amendment to the United States Constitution mandate that search warrants must be supported by probable cause. ***See Commonwealth v. Johnson***, 42 A.3d 1017, 1031-1032 (Pa. 2012), ***cert. denied***, 133 S.Ct. 1795 (2013).

> [T]he question of whether probable cause exists for the issuance of a search warrant must be answered according to the totality of the circumstances test articulated in ***Commonwealth v. Gray***, [503 A.2d 921 (Pa. 1985)], and its Pennsylvania progeny, which incorporates the reasoning of the United States Supreme Court in ***Illinois v. Gates***, 462 U.S. 213, 103 S.Ct. 2317 (1983). The task of the magistrate acting as the issuing authority is to make a practical, common sense assessment of whether, given all the circumstances set forth in the affidavit, a fair probability exists that contraband or evidence of a crime will be found in a particular place. A search warrant is defective if the issuing authority has not been supplied with the necessary information. The chronology established by the affidavit of probable cause must be evaluated according to a common sense determination.

***Commonwealth v. Arthur***, 62 A.3d 424, 432 (Pa.Super. 2013), ***appeal denied***, 78 A.3d 1089 (Pa. 2013) (some citations and internal quotation marks omitted; citation formatting corrected).

Upon review, we conclude that the affidavit provided a substantial basis to support the issuing authority's finding of probable cause to search the apartment in question. The affidavit of probable cause consisted of nine, single-spaced pages detailing Trooper Schaefer's nearly seven-month long investigation into the drug trafficking operation conducted by appellant and Williams in Blair County, Pennsylvania. (***See*** Application for Search Warrant

-- Affidavit of Probable Cause, 5/8/14; Commonwealth's Exhibit 2; certified record at 26.) The affidavit indicates that Trooper Schaefer utilized the CI to make five controlled purchases of marijuana from appellant and Williams between November 25, 2013 and May 8, 2014. (*Id.* at 2-7.) The affidavit further indicates that at multiple points during the course of the investigation, surveillance officers were able to follow appellant and/or Williams to or from 1818 15th Avenue and observe vehicles utilized in the controlled buys parked outside this residence. (*Id.* at 6-9.)

Specifically, the affidavit indicates that during the course of the May 8, 2014 controlled buy, officers followed appellant and Williams from 1818 15th Avenue to the CI's residence and observed them entering the CI's residence to engage in a controlled buy of marijuana. (*Id.* at 8.) After appellant and Williams departed the CI's residence, surveillance officers briefly lost sight of them before they were later reacquired and observed entering 1818 15th Avenue. (*Id.* at 9.) After appellant and Williams departed 1818 15th Avenue, they were stopped and taken into custody; $500 of the $550 in prerecorded currency from the controlled buy was found on appellant's person. (*Id.* at 9.) The affidavit indicates that Williams admitted he resided in the second-floor apartment located at 1818 15th Avenue, which confirmed the surveillance conducted by the Pennsylvania State Police since November 2013. (*Id.* at 9.) Additionally, Altoona Police Officer Chris Moser positively identified appellant in the

affidavit as the operator of the vehicle utilized in the April 3, 2014 controlled buy. (*Id.* at 8.)  Based on the totality of the circumstances, we find that the affidavit in question provided probable cause to search the second-floor apartment located at 1818 15th Avenue.

Appellant further argues that "the search warrant failed to properly describe with the required sufficiency the description of the house to be searched."  (Appellant's brief at 16-17.)  Contrary to appellant's claim, our review further indicates that the May 8, 2014 application for search warrant sets forth a description of the premises to be searched with the requisite specificity.  Pennsylvania Rules of Criminal Procedure 205 and 206 mandate that an application for a search warrant and accompanying affidavit of probable cause must contain, ***inter alia***, the "name or describe with particularity the person or place to be searched[.]"  Pa.R.Crim.P. 205(3); Pa.R.Crim.P. 206.

Here, the May 8, 2014 application for search warrant provides as follows:

> The apartment is located at 1818 15th Ave., 2nd Floor, Altoona, PA.  The residence is is [sic] a two[-]story residence, light blueish gray in color with a balcony on the second floor.  The vehicle to be searched is a 2014 black Jeep Grand Cherokee bearing PA registration JKD-7899, VIN: 1C3CDZAB3DN518820.

Application for Search Warrant, 5/8/14 at 1; Commonwealth's Exhibit 2; certified record at 26.

Additionally, Appellant contends that the affidavit failed to contain information to establish that the CI was competent and reliable, and the trial court erred "because it permitted the Commonwealth to merely submit the preliminary transcript in reference to the information contained in each of the criminal actions and failed to provide live testimony as required by [**Commonwealth v. Hall**, 302 A.2d 342 (Pa. 1973)]."  (Appellant's brief at 13, 16.)  For the following reasons, we disagree.

We recognize that the affidavit in question does not provide any reference to the competency or reliability of the CI.  However, this fact alone does not warrant the suppression of evidence in this case.  This court has long recognized that,

> [w]hen information essential to a finding of probable cause is garnered from the use of confidential informants, the issuing authority determines reliability of the informant's information from the facts supplied by the police official.  The determination of reliability does not hinge on disclosed records regarding the track record of the informant.  Furthermore, the affidavit need not contain the names, dates, or other information concerning prior arrests or convictions.  The affidavit must, however, at the very least, contain an averment stating the customary phrase that the informant has provided information[,] which in the past has resulted in arrests or convictions.

**Commonwealth v. Dukeman**, 917 A.2d 338, 341-342 (Pa.Super. 2007), **appeal denied**, 934 A.2d 72 (Pa. 2007) (citations and internal quotation marks omitted).

Appellant relies on the Pennsylvania Supreme Court's decision in *Hall* to impugn the CI's reliability and argue that the affidavit in question was deficient. (*See* appellant's brief at 14, 16-19.) In *Hall*, our supreme court held that the veracity of facts recited in an affidavit of probable cause can be attacked at a suppression hearing. *Hall*, 302 A.2d at 345-346. The *Hall* court reasoned that, "[i]t must be concluded that appellant at the suppression hearing should have been afforded the opportunity through 'the traditional safeguard' of cross-examination, to test the truthfulness of the recitals in the warrant alleging the informant's previous reliability." *Id.* at 346.

Unlike *Hall*, this matter does not involve a situation in which a confidential informant's information must be corroborated for purposes of assessing the veracity of tips used to obtain the warrant. Rather, the police in this instance utilized the CI as an agent to engage in a series of controlled buys, and their request for the search warrant was based primarily upon the surveillance officers' first-hand observations of appellant and the CI during the course of these controlled buys. We find that the information provided by the CI was corroborated by the Pennsylvania State Police's independent and extensive investigation into appellant's drug activity and their first-hand observations and detailed at great length in the May 8, 2014 affidavit of probable cause. Accordingly, appellant's reliance on *Hall* is misplaced, and his claim of trial court error must fail.

In his final issue, appellant argues that the trial court erred in denying his April 20, 2015 motion to reconsider his amended omnibus pretrial motion "because the denial was based solely on statements from [the CI] which had not yet been written." (Appellant's brief at 22.) As noted, on May 12, 2015, the trial court entered the following order denying appellant's April 20, 2015 motion to reconsider his amended omnibus pretrial motion:

> AND NOW, this 11th day of May, 2015, based on the fact a written statement from [the CI] is available about the events of November 25, 2013 and the other events in the case if requested, the Motion for Reconsideration is DENIED.

Trial court order, 5/12/15.

Appellant contends that he is entitled to a new trial, or alternatively, a new suppression hearing, on the basis that "no such written statements existed." (Appellant's brief at 24.) Notwithstanding this fact, based upon our foregoing conclusion that appellant's omnibus pre-trial motion to suppress the search warrant in this case was properly denied, we discern no error on the part of the trial court in denying his motion for reconsideration. **See Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa.Super. 2012) (stating,

"[t]his Court is not bound by the rationale of the trial court, and may affirm on any basis." (citation omitted)).[4]

Judgment of sentence affirmed.


Jenkins, J. joins this Memorandum.

Lazarus, J. files a Concurring and Dissenting Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2016

---

[4] We observe that appellant was sentenced on six separate conspiracy counts. If raised, this court might well have found that appellant should have been found guilty of one overarching conspiracy on the facts of this case and been sentenced on only one conspiracy count. However, since appellant's sentences on the various conspiracy counts were all made concurrent, appellant very well may not have been entitled to relief in any event.